IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ASHLEY TOSE**                                                                                               **PETITIONER**

v.                                          **Civil No. 3:22-cv-674-KHJ-BWR**

**NATHAN BLEVINS,** *Deputy Commissioner of MDOC*                                          **RESPONDENT**

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the [1] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner Ashley Tose. Respondent Nathan Blevins has filed a [6] Motion to Dismiss. Petitioner has filed a [9] Response and Respondent a [10] Reply. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends granting the [6] Motion to Dismiss and dismissing the [1] Petition without prejudice based on the failure to exhaust.

### I. BACKGROUND

On December 5, 2018, Petitioner Ashley Tose ("Petitioner" or "Tose") was indicted by a grand jury in the Circuit Court of Hinds County, Mississippi, First Judicial District, on one count of breaking and entering in violation of Mississippi Code Annotated § 97-17-23 ("Count One"), with a terrorizing enhancement under Mississippi Code Annotated § 97-17-23(2), and one count of kidnapping in violation of Mississippi Code Annotated § 97-3-53 ("Count Two"). R. [7-1] at 5-6. After numerous agreed continuances, *see id*. at 16-23, Tose signed a Petition to Enter a Plea of Guilty ("Guilty Plea Petition") on November 15, 2021, *id*. at 42-45. The Guilty

Plea Petition provided that in exchange for a plea of guilty, the State would "recommend[ ] reduction of House Burglary to Malicious Mischief / will not [p]ursue the kidnapping (Count II) as part of the agreement / 5 years MDOC / 3 years suspended / 2 years to be served on ISP / anger management / assessed A&D treatment / 2 years [2] probation." *Id*. at 44.

On November 22, 2021, following a hearing, the Hinds County Circuit Court accepted Tose's guilty plea and the State's sentencing Recommendation.[1] *See id*. at 53-88. The court ordered Tose to serve a five-year sentence, with three years suspended, two years on house arrest, and two years of post-release supervision. *Id*. at 48. The court dropped the terrorizing enhancement on Count One and Remanded Count Two. *Id*. Tose began serving her house arrest on November 22, 2021, and was paroled on May 24, 2022. Ex. [6-7] at 1.

The state court record indicates that Tose did not file a direct appeal or seek state post-conviction relief. However, on October 4, 2022, Tose signed her 28 U.S.C. § 2254 [1] Petition, which was filed of record on November 17, 2022. Pet. [1] at 1-22. Tose asserts four grounds for federal habeas relief:

1. She entered her best interest plea under duress.
2. The Circuit Court lacked jurisdiction.
3. She did not injure the State.

---

[1] Tose incorrectly asserts that she "[e]ntered a no contest plea. I never admitted guilt." Resp. [9] at 1. Tose signed a "Petition to Enter a Plea of **Guilty**." R. [7-1] at 45 (emphasis added). It is worth noting that Tose affirmed that no person had made any promises, nor engaged in any form of coercion or intimidation, to induce her guilty plea. *Id*. at 44. During the sentencing hearing, Tose explicitly accepted that she was entering a best interest guilty plea and even explained what it is. *See id*. at 62-65. Tose also openly admitted to her conduct which gave rise to the initial charges. *See id*. at 65-68.

> 4. The trial judge denied her request for non-adjudication without explanation.

*Id.* at 5-10. Under each ground for relief, when asked whether she had raised that ground on direct appeal and whether she had raised that ground through a post-conviction proceeding, Tose checked "No." *Id.* Where the [1] Petition asked whether her grounds had been presented to the highest court of the State, Tose likewise checked "No." *Id.* at 12.

Respondent Nathan Blevins ("Respondent") has filed a [6] Motion to Dismiss. Respondent argues that Tose's [1] Petition should be dismissed because, by her own admission, Tose failed to exhaust her claims prior to seeking federal habeas relief. Mot. [6] at 3-5. Respondent further argues that Tose has failed to establish good cause for the Court to hold the [1] Petition in abeyance until Tose properly exhausts. *Id.* at 5-8. Tose failed to timely respond.

Following Tose's failure to respond, the Court entered an [8] Order directing Tose to file a response to the [6] Motion to Dismiss on or before April 7, 2023. Order to Show Cause [8] at 1-2. The Court warned Tose that the failure to timely respond would subject her [1] Petition to dismissal for failure to prosecute and comply with an order of the Court. *Id.* The [8] Order was mailed to Tose at her address of record. Despite being ordered to do so, Tose did not file a substantive response. Instead, Tose filed a [9] Response raising a hodgepodge of issues unrelated to exhaustion. Tose, however, did request "that the Court not dismiss this action." Resp. [9] at 1.

## II. <u>DISCUSSION</u>

Federal habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. The AEDPA provides, in relevant part, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if [she] has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c).

A fundamental prerequisite to federal habeas relief under the AEDPA is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between

our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999)); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "present [her] claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Id*. (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

Under Mississippi law, Tose did not have a right to a direct appeal to the Mississippi Supreme Court following her best interest guilty plea. Mississippi Code Annotated § 99-35-101 provides that when a "*. . . defendant enters a plea of guilty and is sentenced*, then *no appeal from the circuit court to the Supreme Court shall be allowed*." Miss. Code Ann. § 99-35-101 (emphasis added). Mississippi courts use the phrases "Best Interest Plea" and *Alford* Plea interchangeably. *See Wallace v. State*, 184 So.3d 993, 1000 (Miss. Ct. App. 2016) ("[ ] *Alford* best-interest plea") (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)); *see also Williams v. State*, 119 So.3d 404,

5

408 (Miss. Ct. App. 2013) ("Mississippi permits defendants to enter *Alford* pleas, also known as best-interest pleas."). Federal Courts in Mississippi have routinely held that Mississippi Code Annotated § 99-35-101 prohibits direct appeals where a defendant entered an *Alford* or best interest guilty plea. *See Smith v. Cain*, Civ. No. 3:22-cv-148 , 2022 WL 16748608, at *2 (N.D. Miss. Nov. 7, 2022) (holding that Mississippi Code Annotated § 99-35-101 prohibited a defendant who entered into an Alford guilty plea from taking a direct appeal); *see also Jenkins v. Mills*, Civ. No. 1:17-cv-120 2018 WL 3015252, at *3 (S.D. Miss. June 15, 2018) (same). Thus, Tose could not pursue a direct appeal.

But that does not mean Tose lacked any available procedure to exhaust her claims. Under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, *et seq.*, an individual has three years from the entry of judgment of conviction to file a pleading seeking post-conviction relief. *See* Miss. Code Ann. § 99-39-5(2). Prior to filing the instant [1] Petition, Tose did not file a petition for post-conviction relief in state court. The Mississippi Supreme Court's electronic docket system indicates that Tose has not filed any type of pleading seeking post-conviction relief in that court. *See* State of Mississippi Judiciary, https://courts.ms.gov/ (last visited April 10, 2023). Because Tose's judgment of conviction was entered on November 22, 2021, R. [7-1] at 48, Mississippi state law provides an available procedure for Tose to raise the claims presented in this matter.

Thus, Tose's claims have not been "fairly presented" to the Mississippi Supreme Court in a "procedurally proper manner," as the state court did not have the

opportunity to consider the merits of Petitioner's grounds for relief. *Mercadel*, 179 F.3d at 275. And because at least one avenue exists for Tose to present her claims in state court, 28 U.S.C. § 2254(c) requires a finding that Tose has not exhausted her available remedies. *See* 28 U.S.C. § 2254(c) ("[a]n applicant ***shall not be deemed to have exhausted*** the remedies available in the courts of the State, within the meaning of this section, ***if [she] has the right under the law of the State to raise, by any available procedure, the question presented***.") (emphasis added).

Under limited circumstances, courts can hold a habeas petition in abeyance while a petitioner exhausts her state court remedies. However, doing so is inappropriate unless there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). Where the [1] Petition asked for an explanation for the failure to exhaust, Tose stated, "political corruption." Pet. [1] at 12. But Tose has not offered any factual or evidentiary support for her cursory assertion. Thus, Tose has failed to demonstrate good cause to warrant holding the [1] Petition in abeyance. Because Petitioner failed to properly exhaust her claims or demonstrate good cause to hold the [1] Petition in abeyance, the undersigned recommends dismissing the [1] Petition without prejudice.

III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends granting the [6] Motion to Dismiss and dismissing the [1] Petition without prejudice based on the failure to exhaust.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 19th day of April 2023.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE